IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2006 JUL 12 P 3: 57

Rhett S. Hooper                    *

                                   *    ...A P. HACKETT, CL...
Plaintiff                          *    U.S. DISTRICT COURT
                                   *    MIDDLE DISTRICT ALA

v.                                 *    Civil Case No. 2:06 cv 612 - ID
                                   *
City of Montgomery Alabama; and    *
Officer John Wilson, Officer M.S. Lamb,  *    **JURY TRIAL DEMANDED**
In their individual capacities, and capacity*
and as supervisory and administrative   *
officers of the City of Montgomery      *
                                   *
Defendant.                         *

## COMPLANIT

### JURISDICTION AND VENUE

1.    Plaintiff files this Complaint and invokes the jurisdiction of this Court under

      and by virtue of the Fifth and  Fourteenth Amendments to the Constitution

      of the United States, 42 U.S.C. § 1983, 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28

      U.S.C. § 2201, 28 U.S.C. § 2202, and the doctrine of supplemental

      jurisdiction to obtain declaratory relief and compensatory and punitive

      damages.  Defendant violated Plaintiff's rights as guaranteed by the

      Constitution of the United States, by Federal law, and by the laws and

      Constitution of 1901 of the State of Alabama.

2.    The violations of Plaintiff's rights as alleged herein occurred in Montgomery

      County, Alabama, and were committed within the Northern Division of the

      Middle District of the State of Alabama.

## PARTIES

3.      Plaintiff Rhett Hooper, hereinafter referred to as "Hooper", is and at all times material hereto a citizen of the United States and the State of Alabama.

4.      Defendant Officer John Wilson, hereinafter referred to as "Wilson", is a natural person believed to be over the age of 19 years, is or was at all times material hereto an employee, officer or agent of the City of Montgomery Police Department and is a person whose conduct proximately and directly harmed Plaintiff.

5.      Defendant Officer M. S. Lamb is or was a Policeman with the City of Montgomery, Alabama and was a supervisor over Plaintiff Hooper at the relevant time of part of Plaintiff's claims hereinafter referred to as "Lamb".

6.      Defendant, City of Montgomery, is an incorporated municipality existing in Montgomery County, Alabama and subject to the claims made herein and the jurisdiction of this court as defined by 42 USC § 1983, herein after referred to as "Defendant" or "City".

## NATURE OF PROCEEDINGS

7.      This is a proceeding for a judgment declaring the relative rights, responsibilities and liabilities of the parties, each to the other, and for compensatory and punitive damages for Plaintiff's suffering as a consequence of the wrongs alleged herein.

## FACTS

8.      Plaintiff expressly adopts as if fully set forth herein the allegations in the foregoing paragraphs.

2

9.     On or about July 13, 2004, Defendant was driving recklessly while under the influence of alcohol and or drugs.

10.    Defendant Wilson did run Plaintiff off the road on I-85 Northbound about 10:00 PM on July 13, 2004.

11.    Plaintiff Hooper did call police for help in stopping the driver, who was unknown to Plaintiff at the time, of the reckless driving of the vehicle that did run him off the road.

12.    Defendant Wilson was stopped by Shorter, Alabama Police Department and the officer on the scene did observe Wilson to be under the influence of alcohol, weaving and driving recklessly on a public road, in a private vehicle, and further made statements about Wilson being an alcoholic and was "going to kill himself if he did not quit driving while drunk".

13.    On or about July 15, 2004, without cause or justification of any sort, Defendant Wilson, acting as officer, agent, or employee of Montgomery Police Department, did release the record of Plaintiff Hooper, who is a former policeman of Montgomery Police Department, to unauthorized parties, without consent or permission of Plaintiff.

14.    Wilson did release the record of Hooper to the news media, specifically to WSFA TV in Montgomery, Alabama, and the same was broadcast to the public at large from said television broadcasting company for numerous days and placed the story on the WSFA internet site.

15.    The record contains false information accusing Hooper of a racial

harassment event that was false, fabricated, and facilitated by Wilson and

Lamb while the Police Chief of City of Montgomery, Alabama and others.

## CAUSES OF ACTION

16.    As to each of the counts herein below set forth, Plaintiff expressly adopts as if

fully set forth herein the allegations of the foregoing paragraphs.

## COUNT I – DEPRIVATION OF CIVIL RIGHTS UNDER COLOR
## OF STATE LAW of PLAINTIFF'S FIFTH, NINTH, AND FOURTEENTH
## AMENDMENT RIGHTS

17.    At all times material hereto Wilson was acting as a law enforcement officer

pursuant to State statute and the ordinances, customs, and policies of the

Montgomery Police Department and in his own personal interest.

18.    The record of Hooper does contain false information which was fabricated

by Wilson and others to the detriment of Hooper while a policeman during

1999.

19.    While Hooper was a policeman with Montgomery, Alabama during 1999,

Wilson conducted an investigation of Hooper from a complaint falsely made

by "Lamb", a policeman, and Wilson proceeded over the hearing of the false

event leading to the recommendation to the Mayor to discharge Hooper from

employment as a policeman. Wilson and Lamb knew the event was false and

intended to have Hooper fired after the proceeding. Wilson violated police

rules and procedures while conducting the hearing over Plaintiff Hooper. Lamb made the false claim after eight months from the date of the alleged date of the false event when the required time to report such an event as this two weeks. Wilson allowed the event to be brought outside the required time and proceeded with the hearing. Hooper was found guilty and recommended to the Mayor to discharge Hooper.

20.   Upon appeal to the Mayor's Office of the recommendation of Wilson to discharge Hooper from employment, Hooper was assessed a suspension of 45 days by the Mayor's Office and did return to work for approximately two years before leaving the force after being continuously subjected to a hostile working environment.

21.   Hooper is not eligible for rehire for employment with the City of Montgomery, Alabama Police Department for the false record fabricated by Defendant Wilson and Lamb. Further.

22.   Subsequent to Plaintiff's employment with the City of Montgomery, Alabama, Plaintiff Hooper has been denied employment with The State of Alabama Department of Conservation as a game warden and other employment opportunities due to the City of Montgomery's reporting of Plaintiff Hooper's status of Hooper not being eligible for rehire and the false record of Hooper fabricated by Wilson, Lamb and others.

23.   After the events of July 13, 2004, Wilson did acquire the record of Hooper that contained the false and fraudulent record of Hooper and Wilson did tender, release, and did intend to injure Hooper portraying Plaintiff in a false

light accusing Hooper of being a disgruntled ex-employee intending to cause

harm to Hooper and to excuse Wilson of the allegation of Drunk Driving and

reckless endangerment of Hooper by Wilson while a Chief of Police in

Montgomery, Alabama.

24.    Defendant Wilson has committed a violation of Police Department rules of

conduct by conducting a hearing over Hooper in bad faith; by making

untrue public statements about Hooper; by proceeding over a hearing

knowingly containing false accusations; by proceeding over a hearing past

the time allowed for the claims of the alleged victim's to be brought against

Hooper; by disclosing confidential city information to unauthorized persons;

by willfully disregarding City policies or procedures to the detriment of

Plaintiff Hooper.

25.    Defendant Lamb has committed a violation of Police Department rules of

conduct by making a false and untrue claim against Plaintiff Hooper with

intent to cause injury to Plaintiff in violation of Plaintiff's civil rights.

WHEREFORE, Plaintiff demands compensatory damages in the amount of One

Million Dollars ($1,000.000.00) plus punitive damages as a jury deems

reasonable, plus costs.


Plaintiff prays that this Honorable Court will take jurisdiction over the following

state claims

## COUNT II – NEGLIGENCE by DEFENDANT WILSON

26.    The aforementioned conduct by Defendant Wilson constituted negligent

       behavior in that Defendant owed a duty to Plaintiff to conduct himself in

       such a way as to avoid harming Plaintiff.

27.    In engaging in the conduct he did, as more fully set forth and described

       herein, Defendant was neglectful, careless, and unskillful as compared to

       reasonable law enforcement officers.

28.    Defendant Wilson negligently conducted an investigation and proceeding

       over  Plaintiff.

29.    The said negligent conduct was the proximate cause of injuries to Plaintiff in

       that Plaintiff was subjected to false accusations of misconduct suffering and

       great emotional distress and mental anguish.

30.    Plaintiff has been injured and damaged as a direct and proximate result of

       Defendant Wilson's conduct and the Defendant City of Montgomery's

       conduct.

       WHEREFORE, Plaintiff demands compensatory damages in the amount of

       $100,000.00 plus costs of this action.


                    <u>COUNT III – NEGLIGENCE by DEFENDANT LAMB</u>


31.    The aforementioned conduct by Defendant Lamb constituted negligent

       behavior in that Defendant owed a duty to Plaintiff to conduct himself in

       such a way as to avoid harming Plaintiff.

32. In engaging in the conduct he did, as more fully set forth and described herein, Defendant was neglectful, careless, and fraudulent for the false claim made against Plaintiff.

33. The said negligent conduct was the proximate cause of injuries to Plaintiff in that Plaintiff was subjected to false accusations of misconduct suffering and great emotional distress and mental anguish.

34. Plaintiff has been injured and damaged as a direct and proximate result of Defendant Lamb's conduct and the Defendant City of Montgomery's conduct.

    WHEREFORE, Plaintiff demands compensatory damages in the amount of $100,000.00 plus costs of this action.


## COUNT IV – NEGLIGENCE by DEFENDANT CITY OF MONTGOMERY


35. Defendant City of Montgomery negligently trained and supervised Defendant Wilson and Defendant Lamb thereby causing Defendants Wilson and Lamb to act in an unlawful manner.

36. Defendant City of Montgomery has a duty to the public at large to train its police officers and supervise the same in accordance with its policies and procedures for the safety of the public and its officers.

37. Said Defendant City of Montgomery breached its duty by negligently training Defendant Wilson and Defendant Lamb further breached its duty to

8

supervise Defendant Wilson and Lamb by allowing Wilson and Lamb to commit the crimes against Plaintiff as stated herein.

38.  Plaintiff has been injured and damaged as a direct and proximate result of Defendant City's conduct.

39.  As a result of the breach of duty to Plaintiff by Defendant City of Montgomery, Plaintiff has been made to suffer great pain, emotional distress, mental anguish, and has been denied employment for the false record of Plaintiff and by Defendants communicating the false record to others.

WHEREFORE, Plaintiff demands compensatory damages in the amount of $100,000.00 plus costs of this action.

## COUNT V- CONSPIRACY/FRAUD BY DEFENDANTS WILSON AND LAMB

40.  Defendants Wilson and Lamb conspired to cause injury to Plaintiff and forced others to participate with threats of future employment and other means to testify falsely in support of the misrepresentations made against Plaintiff Hooper as stated above.

41.  Defendants Wilson and Lamb have intentionally acted in a fraudulent manner with intent to cause harm to Plaintiff as stated above.

WHEREFORE, Plaintiff demands compensatory damages in the amount of One Million Dollars ($1,000.000.00) plus punitive damages as a jury deems reasonable, plus costs.

Respectfully submitted this the ____ day of July 2006.

J. Scott Hooper

9

of counsel:
The Hooper Law Firm, PC
P.O. Box 230894
Montgomery, AL 36123-0894
334-271-1555 Office
334-271-1552 Facsimile
jshooper@knology.net

PLAINITFF DEMANDS TRIAL BY JURY

J. Scott Hooper