IN UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **RHETT S. HOOPER,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | ) CASE NO. 2:06-cv-612-ID |
| | ) |
| | ) |
| **CITY OF MONTGOMERY, et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

## MOTION TO DISMISS

Defendants respectfully move this Honorable Court to dismiss with prejudice Plaintiff's Complaint in the above-styled cause. Plaintiff has named the City of Montgomery ("the City"), John Wilson ("Wilson") and M.S. Lamb ("Lamb") as Defendants. Plaintiff has alleged the following causes of action: Count I – Deprivation of Civil Rights Under Color of State Law of Plaintiff's Fifth, Ninth and Fourteenth Amendment; Count II – Negligence by Defendant Wilson; Count III – Negligence by Defendant Lamb; Count IV – Negligence by Defendant City of Montgomery and Count V – Conspiracy by Defendants Wilson and Lamb.

In support of said Motion, Defendants state unto the Court that pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure,* Plaintiff has failed to state a claim upon which relief may be granted. In support of said Motion Defendants state unto the Court the following:

1.  **COUNT I – DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW OF PLAINTIFF'S FIFTH, NINTH AND FOURTEENTH AMENDMENT**

    a. Plaintiff's claims in Count I are barred by the statute of limitations. (Complaint ¶ 19). Our Courts have held that when a Plaintiff relies on a federal act that does not contain a statute of limitations, federal courts must rely on the limitations period prescribed by the state in which the litigation arose. *Sewell v. Grand Lodge of Int'l Ass'n of Machinists & Aerospace Workers,* 445 F.2d 545, 548 (5th Cir.1971), *cert. denied,* 404 U.S. 1024, 92 S.Ct. 674, 30 L.Ed.2d 674 (1972). The Supreme Court has held that for the purpose of selecting the proper state limitations period, a claim pursuant to 42 U.S.C. § 1983 should be characterized as an action for personal injuries. *Wilson v. Garcia,* 471 U.S. 261, 276, 105 S.Ct. 1938, 1947, 85 L.Ed.2d 254 (1985).

    Plaintiff filed this lawsuit on July 12, 2006. Plaintiff's claims pursuant to 42 U.S.C.A. § 1983 for Fifth, Ninth and Fourteenth amendment violations accrued in 1999 when his allegations of false complaints and investigation occurred. (Complaint ¶ 19). Pursuant to Rule 3 of the *Federal Rules of Civil Procedure,* "[a] civil action is commenced by filing a complaint with the court." This case was filed more than two years from the time the claim accrued and therefore all claims by the Plaintiff pursuant to § 1983 are barred by § 6-2-38(1) of the *Alabama Code*. Additionally, a continuing violation is one which consists of continuous unlawful acts, not continual effects of an original violation. *See Parrish v. City of Opp, Alabama,* 898 F. Supp. 839 (M.D. Ala. 1995).

    b. Plaintiff's claims in Count I fails to state any claim or claims against

Defendants upon which relief can be granted. Plaintiff's Complaint fails to state any claim or claims or allege any facts basing or stating any claim or claims upon which relief can be granted against any of the Defendants sued in their individual capacity. Personnel records of former employees are considered public writings and are subject to disclosure under Alabama's public records act. *Ala. Op. Atty. Gen. No. 2001-269*, 2001 WL 1421581 (Ala.A.G.)

    c. Plaintiff's claims are barred by Defendants' entitlement to qualified and/or discretionary function immunity.

    d. Any claims by Plaintiff pursuant to a respondeat superior theory are due to be dismissed. A municipality is liable only for its own wrongs and cannot be liable under the theory of respondeat superior. *Monell v. Department of Social Services of New York City*, 436 U.S. 658, 694 (1978).

**2.    COUNT II – NEGLIGENCE BY DEFENDANT WILSON**

    a. Plaintiff's claims in Count II are barred by the statute of limitations. (Complaint ¶ 19). Plaintiff filed this lawsuit on July 12, 2006. Plaintiff's allegations in Count II are in reference to a disciplinary action that occurred in 1999. This case was filed more than two years from the time the claim accrued and therefore all state law claims by the Plaintiff are barred by § 6-2-38(l) of the *Alabama Code* (1975).

    b. Plaintiff's claims in Count II fail to state any claim or claims against Defendant Wilson upon which relief can be granted. Plaintiff's Complaint fails to state any claim or claims or allege any facts basing or stating any claim or claims upon which relief can be granted against Defendant Wilson sued in his individual capacity.

    c. Plaintiff's claims are barred by Defendants' entitlement to qualified and/or discretionary function immunity.

3

3.  **COUNT III – NEGLIGENCE BY DEFENDANT LAMB**

   a.  Plaintiff's claims in Count III are barred by the statute of limitations. (Complaint ¶ 19). Plaintiff filed this lawsuit on July 12, 2006. Plaintiff's allegations in Count III are in reference to a disciplinary action that occurred in 1999. This case was filed more than two years from the time the claim accrued and therefore all state law claims by the Plaintiff are barred by § 6-2-38(1) of the *Alabama Code* (1975).

   b.  Plaintiff's claims in Count III fail to state any claim or claims against Defendant Lamb upon which relief can be granted. Plaintiff's Complaint fails to state any claim or claims or allege any facts basing or stating any claim or claims upon which relief can be granted against Defendant Lamb sued in his individual capacity.

   c.  Plaintiff's claims are barred by Defendants' entitlement to qualified and/or discretionary function immunity.

4.  **COUNT IV – NEGLIGENCE BY DEFENDANT CITY OF MONTGOMERY**

   a.  Plaintiff's claims in Count IV are barred by the statute of limitations. (Complaint ¶ 19). Plaintiff filed this lawsuit on July 12, 2006. Plaintiff's allegations in Count IV are in reference to a disciplinary action that occurred in 1999. This case was filed more than two years from the time the claim accrued and therefore all state law claims by the Plaintiff are barred by § 6-2-38(1) of the *Alabama Code* (1975).

   b.  Plaintiff's claims in Count IV fail to state any claim or claims against Defendant City of Montgomery upon which relief can be granted.

   c.  Plaintiff's claims are barred by Defendants' entitlement to qualified and/or discretionary function immunity.

5.  **COUNT V – CONSPIRACY /FRAUD BY DEFENDANTS LAMB**

   a.  Plaintiff's claims in Count V are barred by the statute of limitations.

(Complaint ¶ 19).  Plaintiff filed this lawsuit on July 12, 2006.  Plaintiff's allegations in Count V are in reference to a disciplinary action that occurred in 1999. This case was filed more than two years from the time the claim accrued and therefore all state law claims by the Plaintiff are barred by § 6-2-38(1) of the *Alabama Code* (1975).

   b. Plaintiff's claims in Count V fail to state any claim or claims against Defendants Wilson and Lamb upon which relief can be granted.  "[C]onspiracy itself furnishes no civil cause of action." *Triple J Cattle, Inc. v. Chambers,* 621 So.2d 1221, 1225 (Ala.1993). There must be an underlying wrong to support the conspiracy claim. *Ex parte Alabama Dep't of Transp.,* 764 So.2d 1263, 1271 (Ala.2000).  "A conspiracy cannot exist in the absence of an underlying tort." *Willis v. Parker,* 814 So.2d 857, 867 (Ala.2001). " '[L]iability for civil conspiracy rests upon the existence of an underlying wrong and if the underlying wrong provides no cause of action, then neither does the conspiracy.' " *Id.* (quoting *Jones v. BP Oil Co.,* 632 So.2d 435, 439 (Ala.1993)).

   c. Plaintiff's claims are barred by Defendants' entitlement to qualified and/or discretionary function immunity.

 Respectfully submitted this the 7th day of August, 2006.

              /s/ Kimberly O. Fehl
              Kimberly O Fehl (FEH001)
              Attorney for Defendants

**OF COUNSEL:**
Legal Department
City of Montgomery
Post Office Box 1111
Montgomery, Alabama  36101-1111
(334) 241-2050
(334) 241-2310 (fax)

5

## **CERTIFICATE OF SERVICE**

I hereby certify that foregoing has been served upon the following by electronic filing/notification of the United States District Court Middle District of Alabama on this 7th day of August, 2006:

>J. Scott Hooper, Esq.
>*The Hooper Law Firm*
>Post Office Box 230894
>Montgomery, Alabama 36123-0894

>/s/ Kimberly O. Fehl
>Of Counsel