IN UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **RHETT S. HOOPER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CASE NO.  2:06-cv-612-ID |
| | ) |
| | ) |
| **CITY OF MONTGOMERY, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

### REPLY OF DEFENDANTS TO PLAINTIFF'S OBJECTION TO MOTION TO DISMISS

Defendants, City of Montgomery, John Wilson and M. S. Lamb respectfully move this Honorable Court to dismiss with prejudice Plaintiff's Complaint in the above-styled cause and in reply to Plaintiff's Objection to Defendants' Motion to Dismiss submit unto the Court the following:

1. In his Complaint, Plaintiff alleged the following causes of action: Count I – Deprivation of Civil Rights under Color of State Law of Plaintiff's Fifth, Ninth and Fourteenth Amendment; Count II – Negligence by Defendant Wilson; Count III – Negligence by Defendant Lamb; Count IV – Negligence by Defendant City of Montgomery and Count V – Conspiracy by Defendants Wilson and Lamb.  Defendants filed a Motion to Dismiss all claims on August 7, 2006.

2. However in Plaintiff's Objection to Defendants' Motion to Dismiss, Plaintiff only challenges the request for dismissal for the civil rights violations alleged in Count One and the negligence claim in Count Two.

3. Defendants submit that that pursuant to Rule 12(b)(6) of the *Federal Rules*

*of Civil Procedure,* Plaintiff has still failed to state a claim in his Complaint or his Affidavit upon which relief may be granted. Plaintiff filed this lawsuit on July 12, 2006. The only remaining claim filed within two years prior to July 12, 2006 is regarding an incident that occurred on July 13, 2004 wherein Plaintiff contends that Defendant John Wilson was not arrested for possible DUI by another municipality. Plaintiff alleges Defendant John Wilson released confidential information that was broadcast for several days. Although Defendant Wilson denies Plaintiff's allegations, even assuming arguendo that they were correct, Plaintiff's affidavit and complaint still fail to allege any claim upon which relief can be granted. Personnel records of former employees are not confidential records but considered public writings and are subject to disclosure under Alabama's public records act. *Ala. Op. Atty. Gen. No. 2001-269*, 2001 WL 1421581 (Ala.A.G.) and *ALA. Code* § 36-12-40 (1975).

4.      Plaintiff cites as authority, *Fikes v. City of Daphne,* 79 F. 3d. 1079 (11th Cir. 1996), to support his objection and indicates that his case is identical to the facts in *Fikes*. However Plaintiff's reliance on said case is unclear.

In that case, Plaintiff Larry Fikes was terminated by the City of Daphne and filed an action within two years from the date of his termination alleging First, Fifth, Ninth and Fourteenth Amendments and state tort claims. Defendants moved to dismiss the case pursuant to *Federal Rule of Civil Procedure* 12(b)(6). The District Court dismissed the claims for constitutional violations but held, that even assuming the presence of a federal claim, the individually sued defendants were entitled to qualified immunity. The pendent state law claims were dismissed without prejudice. Plaintiff Fikes' only challenge to the judgment was an appeal on the dismissal of his First Amendment claim. The Eleventh Circuit held that the allegations of Plaintiff Fikes that he was fired because he reported police

misconduct stated a claim under the First Amendment. In the present case, there are no allegations by Plaintiff Hooper for First Amendment violations. Additionally, Hooper resigned from the Montgomery Police Department in or around 2001 after being suspended for an incident that occurred in 1999. (Complaint ¶¶ 19 & 20). This case was filed approximately five years from the time that Hooper resigned and seven years from the time that Hooper alleges that he was suspended for the false complaint against him. Therefore any claims pursuant to § 1983 challenging that incident are barred by the statute of limitations set out in § 6-2-38(1) of the *Alabama Code*.

     5.    Plaintiff's claims are barred by Defendants' entitlement to qualified and/or discretionary function immunity.

     **6.**    Plaintiff has not alleged a custom or policy of the City that has caused the alleged constitutional violations. A municipality is liable only for its own wrongs and cannot be liable under the theory of respondeat superior. *Monell v. Department of Social Services of New York City*, 436 U.S. 658, 694 (1978).

     Respectfully submitted this the 25th day of August, 2006.

                                             /s/ Kimberly O. Fehl
                                             Kimberly O Fehl (FEH001)
                                             Attorney for Defendants

**OF COUNSEL:**
Legal Department
City of Montgomery
Post Office Box 1111
Montgomery, Alabama 36101-1111
(334) 241-2050
(334) 241-2310 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that foregoing has been served upon the following by electronic filing/notification of the United States District Court Middle District of Alabama on this 25th day of August, 2006:

> J. Scott Hooper, Esq.
> *The Hooper Law Firm*
> Post Office Box 230894
> Montgomery, Alabama 36123-0894

>                     /s/ Kimberly O. Fehl
>                     Of Counsel