IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RHETT S. HOOPER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) CIV. ACT. NO. 2:06cv612-ID |
| v. | )  (WO) |
| | ) |
| CITY OF MONTGOMERY, et al., | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the court is a motion to dismiss (Doc. No. 4), filed by Defendants City of Montgomery, John Wilson ("Wilson") and M. S. Lamb ("Lamb").  Plaintiff Rhett S. Hooper ("Hooper") filed a response in opposition (Doc. No. 7), to which Defendants filed a reply.  (Doc. No. 8.)  After careful consideration of the arguments of counsel and the applicable law, the court finds that the motion to dismiss is due to be granted as to some claims, but denied as to others.  The court also on its own initiative shall require Hooper to replead some of his claims.

## I.  JURISDICTION AND VENUE

The court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331 for all claims arising under federal law.  The court also has original jurisdiction over claims based upon violations of civil rights.  See 28 U.S.C. § 1343.  Pursuant to 28 U.S.C.

§ 1367, the court has supplemental jurisdiction over the state law claims. The parties do not contest personal jurisdiction or venue, and the court finds adequate allegations of both.

## II.  STANDARD OF REVIEW

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint because the plaintiff has failed to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion questions the legal sufficiency of a complaint; therefore, in assessing the merits of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true. See, e.g., United States v. Gaubert, 499 U.S. 315, 327 (1991); Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990). Moreover, all factual allegations are to be construed in the light most favorable to the plaintiff. See, e.g., Brower v. County of Inyo, 489 U.S. 593, 598 (1989).

Generally, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." In re Johannessen, 76 F.3d 347, 349 (11th Cir. 1996) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Braden v. Piggly Wiggly, 4 F. Supp.2d 1357, 1360 (M.D. Ala. 1998). In 42 U.S.C. § 1983 actions, however, where government officials sued in their individual capacities may be entitled to qualified immunity, the Eleventh Circuit has "tightened" the pleading requirements. GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1367 (11th Cir. 1998); see

also Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001) (recognizing that, in the Eleventh Circuit, a complaint must be pleaded with "heightened specificity . . . in civil rights actions against public officials who may be entitled to qualified immunity"). In Oladeinde v. City of Birmingham, the Eleventh Circuit held that in cases where qualified immunity is implicated, "some factual detail is necessary, especially if [the court is] to be able to see that the allegedly violated right was clearly established when the allegedly wrongful acts occurred." 963 F.2d 1481, 1485 (11th Cir. 1992). Accordingly, in determining whether a plaintiff has stated a § 1983 claim against a defendant in his or her individual capacity, courts must be "guided both by the regular 12(b)(6) standard and by the heightened pleading requirement." GJR Investments, 132 F.3d at 1367.

Finally, "the analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto." Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1368 (11th Cir. 1997). Here, Hooper has submitted his own affidavit in opposition to Defendants' motion to dismiss. The court, however, may not consider it unless the court converts the motion to dismiss to one for summary judgment, which the court declines to do. See Fed. R. Civ. P. 12(b)(6). Hence, in ruling on the present motion, the court has not relied upon Hooper's affidavit.

### III. BACKGROUND

As alleged in the complaint, the facts are as follows. On July 13, 2004, late in the evening around 10:00 p.m., Hooper was driving north on Interstate 85 near Shorter, Alabama, when another vehicle "r[a]n [him] off the road." (Compl. ¶ 10.) Hooper called

the police "for help in stopping the driver." (Id.) At that time, Hooper did not know the identity of the driver. (Id. ¶ 11.) A police officer with the Shorter, Alabama Police Department responded to Hooper's call and pulled over the suspect vehicle. (Id. ¶ 12.) The driver of the vehicle was identified as John Wilson, who at the time was Chief of Police of the City of Montgomery, Alabama. (Id. ¶¶ 12, 23.) The officer who initiated the traffic stop observed Wilson "weaving and driving recklessly on a public road, in a private vehicle," and indicated that Wilson was "under the influence of alcohol." (Id. ¶ 12.)

Hooper and Wilson were not strangers prior to the foregoing incident. Hooper, a former Montgomery police officer, worked under the command of Wilson until approximately 2001. Their professional relationship, however, did not end affably. As alleged by Hooper, in 1999, Wilson, in conjunction with Hooper's direct supervisor (Lamb), intentionally fabricated a complaint against Hooper, accusing him of "racial harassment." (Id. ¶ 15.) After a hearing, Wilson recommended to the mayor that Hooper be terminated. (Id. ¶¶ 15, 19-20.) Although on appeal the recommendation of dismissal was reduced to a forty-five day suspension, the "false information accusing Hooper of [] racial harassment" was made a part of Hooper's personnel file. (Id. ¶ 15.) Thereafter, Hooper remained employed with the Montgomery Police Department; however, after two years, Hooper was "force[d]" to resign due to the "hostile working environment" to which he was subjected. (Id. ¶ 20.) Moreover, because of the "fabricated" information in his personnel file, Hooper avers that he "is not eligible for rehire for employment" with the

4

Montgomery Police Department and that, on unspecified dates, he has been denied other employment opportunities. (Id. ¶¶ 21-22.)

The foregoing facts pertaining to the placement of stigmatizing information in Hooper's personnel file give context to what occurred after the traffic stop of Wilson on July 13, 2004. Hooper avers that, on or about July 15, 2004, Wilson disclosed Hooper's personnel file, containing the above-described "false and fraudulent" information, to "unauthorized parties, without consent or permission of [Hooper]." (Id. ¶¶ 13, 15.) Namely, Hooper contends that Wilson released his personnel file to WSFA 12, a local television station in Montgomery, Alabama, and that "the same was broadcast to the public at large from said television broadcasting company for numerous days and placed . . . on the WSFA internet site." (Id. ¶ 14.)

Consequently, Hooper filed the instant complaint on July 12, 2006, against the City of Montgomery and Wilson and Lamb in their individual and official capacities. The complaint contains five counts. In Count I, pursuant to 42 U.S.C. § 1983, Hooper alleges a deprivation of his civil rights, which he generically describes in the caption of this count as violations of his "Fifth, Ninth and Fourteenth Amendment rights." (Id. at 4.)

Paragraphs 17 through 23 of Count I describe the events, which the court recited above. In the two concluding paragraphs of Count I, Hooper alleges a multitude of violations by Wilson and Lamb, but does not connect the violations to any particular constitutional amendment. Hooper avers as follows:

> Defendant Wilson has committed a violation of Police Department rules of
> conduct by conducting a hearing over Hooper in bad faith; by making

5

>untrue public statements about Hooper; by proceeding [sic] over a hearing knowingly containing false accusations; by proceeding [sic] over a hearing past the time allowed for the claims of the alleged victim's [sic] to be brought against Hooper; by disclosing confidential city information to unauthorized persons; by willfully disregarding City policies or procedures to the detriment of Plaintiff Hooper.
>
>Defendant Lamb has committed a violation of Police Department rules of conduct by making a false and untrue claim against Plaintiff Hooper with intent to cause injury to Plaintiff in violation of Plaintiff's civil rights.

(Id. ¶¶ 24-25.) As relief on Count I, Hooper demands unspecified declaratory relief, compensatory damages in the amount of $1,000,000.00, punitive damages "as a jury deems reasonable," and costs. (Id. at 1, 6.) In Counts II, III, IV and V, Hooper asserts state law claims grounded in negligence and requests $100,000.00 in compensatory damages and "costs." (Id. ¶¶ 26-41.)

## IV. DISCUSSION

Defendants move the court to dismiss each of the five counts of the complaint. As grounds for the dismissal of Count I, Defendants raise the defense of statute of limitations, assert that Wilson and Lamb are protected by qualified immunity and contend that the City of Montgomery is not liable on a theory of *respondeat superior*. As to the state law claims in Counts II, III, IV and V, Defendants argue that these claims also are barred by the applicable statute of limitations and that Wilson and Lamb are entitled to discretionary function immunity. Hooper has not responded to Defendants' arguments concerning the dismissal of the state law claims in Counts III, IV and V, and, consequently, the court finds that Hooper has abandoned these claims. Cf. Resolution

6

Trust Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir. 1995) ("[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment" and that "grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned").  Accordingly, Counts III, IV and V are due to be dismissed.  The present discussion, thus, focuses only on Counts I and II.

### A.  Count I:  42 U.S.C. § 1983

In Count I, as stated, Hooper generically cites the "Fifth, Ninth and Fourteenth Amendment[s]" as the relevant constitutional provisions upon which his 42 U.S.C. § 1983 ("§ 1983") claims are based.  (Compl. at 4.)  Before turning to the arguments of Defendants, the court *sua sponte* raises two issues pertaining to Hooper's reliance on the foregoing amendments.  First, in his response, Hooper abandons any reliance on the Ninth Amendment, focusing only on a "due process" violation (Doc. No. 7 at 2), and he has not cited any authority which would support a Ninth Amendment claim under the facts presented.  The court, therefore, finds that Hooper's § 1983 Ninth Amendment claim is due to be dismissed.

Second, the Fifth and Fourteenth amendments contain a due process clause, and Hooper has cited both amendments in Count I.  The Fifth Amendment Due Process Clause, however, cannot provide a basis for liability because it "applies only to the federal government."  Sweatt v. Bailey, 876 F. Supp. 1571, 1582 (M.D. Ala. 1995); see

also Riley v. Camp, 130 F.3d 958, 972 n.19 (11th Cir. 1997) (noting that, regarding the plaintiff's substantive due process claim, "[t]he Fifth Amendment obviously does not apply . . . -- the acts complained of were committed by state rather than federal officials"); Hardy v. Town of Hayneville, 50 F. Supp.2d 1176, 1186 (M.D. Ala. 1999) ("The Fifth Amendment restricts the activity of the federal government."). It is undisputed in this case that, at all relevant times, Wilson and Lamb were acting as City of Montgomery officials and not as federal actors. (See Compl. ¶¶ 4-5.) Accordingly, the court finds that Hooper's § 1983 claim under the Fifth Amendment is due to be dismissed.

The court now turns to the contentions of Defendants. The court addresses Hooper's § 1983 claims against Wilson and Lamb in their individual capacities separately from Hooper's § 1983 claims against the City of Montgomery and Wilson and Lamb in their official capacities because different standards apply to these claims.

*1. Wilson and Lamb: Qualified Immunity and Individual-Capacity Claims*

Defendants construe Count I as being predicated upon Wilson's and Lamb's alleged conduct in 1999, surrounding Hooper's allegations that Wilson and Lamb instituted false charges against Hooper for racial harassment for the purpose of terminating Hooper from the police force. (Doc. No. 4 at 2.) Because Hooper did not file this lawsuit until July 12, 2006, Defendants contend that the two-year statute of limitations precludes Hooper from proceeding on his § 1983 claims in Count I. (Id.)

Defendants correctly recite that in Alabama claims brought under § 1983 are subject to a two-year statute of limitations. See Shows v. Morgan, 40 F. Supp.2d 1345, 1362 (M.D. Ala. 1999); Stuart v. Jefferson County Dept. of Human Resources, 152 Fed. Appx. 798, 803 (11th Cir. 2005) (citing Ala. Code § 6-2-38 (2004), and Lufkin v. McCallum, 956 F.2d 1104 (11th Cir. 1992)). Admittedly, as aptly recognized by Defendants, it is difficult to discern from a reading of Count I the precise conduct upon which Hooper bases his remaining Fourteenth Amendment due process claim against Wilson and Lamb. The facts surrounding Hooper's disciplinary proceedings while Hooper was employed as a police officer and the placement of the alleged false information in Hooper's personnel file transpired more than two years prior to the commencement of this lawsuit and, thus, outside the applicable statute of limitations. Similarly, any § 1983 claim predicated upon Hooper's resignation in or around 2001, which Hooper essentially characterizes as a constructive discharge, also is time barred. Because untimely, these facts may not be relied upon by Hooper for forming the basis of a constitutional claim in Count I.

Indeed, Hooper has not directly countered Defendants' statute of limitations argument. Rather, in discussing his § 1983 claim, Hooper focuses only on the events which occurred on and after July 13, 2004. Specifically, Hooper rests his case on Wilson's release of Hooper's personnel file to the news media. Arguing a "due process" violation, Hooper states that, on or about July 15, 2004, Wilson "acquire[d] the personnel file of [Hooper] without permission" and "disclose[d] the contents of the confidential

9

personnel file to the news reporters of a broadcasting company for the purpose of degrading [Hooper] after Defendant Wilson was himself accused of drunk driving." (Doc. No. 7 at 2.) As his authority, Hooper relies upon Fikes v. City of Daphne, 79 F.3d 1079 (11th Cir. 1996), asserting that this case is "identical" to Fikes.

In their reply, Defendants tacitly concede that the statute of limitations would not pose a bar to the claim as framed by Hooper in his response. (Doc. No. 8.) Defendants, however, contend that Hooper nonetheless fails to state a claim for relief. Defendants advance two arguments in support of their position. First, Defendants contend that there are no similarities between this case and Fikes for purposes of determining whether Hooper has stated a viable claim under the Fourteenth Amendment's Due Process Clause. Second, Defendants assert that the personnel files of former government employees are not confidential records, but instead are "considered public writings and are subject to disclosure under Alabama's public records act," as set out in § 36-12-40 of the Code of Alabama and an opinion issued by the Alabama Attorney General. (Doc. No. 8 at 2 (citing Ala. Op. Atty. Gen. No. 2001-269, 2001 WL 1421581 (Ala. A.G.).) From the foregoing premise, Defendants appear to assert that Wilson cannot be held liable for violating Hooper's protected constitutional interests by disclosing a record which was readily available to the public.

The court agrees with Defendants' argument concerning Hooper's reliance on Fikes. The issue on appeal in Fikes was "whether the district court erred in dismissing, for failure to state a claim, a police officer's complaint alleging that he was

discharged for exercising his freedom of speech," in violation of the First Amendment. 79 F.3d at 1079. In that case, the plaintiff contended that he was fired by the City of Daphne because he reported wrongdoing within the police department. See id. at 1084. After measuring the facts against the four-part test used to assess whether a public employee has been fired in retaliation for public speech, the Eleventh Circuit reversed the judgment of the district court, concluding that the plaintiff had stated a First Amendment claim. See id. at 1084-85. Given the facts and holding in Fikes, the court finds that Hooper's reliance on that opinion is inapposite. Hooper brings his claim under the Fourteenth Amendment, alleging a due process violation, while the Fikes analysis rests on the First Amendment, not the Fourteenth Amendment.

The parties' analysis of the law ends with Fikes and does not include any citation to or discussion of Buxton v. City of Plant City, Florida, 871 F.2d 1037 (11th Cir. 1989). Buxton analyzed a terminated government employee's liberty interest in remaining free from dissemination of stigmatizing information in a public record by the former employer and the circumstances in which that employee is entitled to a due process name clearing hearing. In this circuit, as pronounced in Buxton, to establish a deprivation of a liberty interest without due process of law under the Fourteenth Amendment, a plaintiff must show: "(1) a false statement (2) of a stigmatizing nature (3) attending a governmental employee's discharge (4) made public (5) by the governmental employer (6) without a meaningful opportunity for [an] employee name clearing hearing." Id. at 1042-43; see also Cannon v. City of West Palm Beach, 250 F.3d 1299, 1301 (11th Cir. 2001) (same).

11

The court finds that the principles pronounced by the Eleventh Circuit in <u>Buxton</u> provide guidance for examining the vitality of Hooper's Fourteenth Amendment due process claim.[1]  The court, however, cannot ascertain whether the facts do or do not pass muster under the <u>Buxton</u> analysis, because, on the present complaint, a meaningful examination of the facts in light of the foregoing principles is virtually impossible.  The facts simply are too sparse, and many are irrelevant to the present inquiry.

To illustrate, Count I includes nondescript citations to three constitutional amendments, which in and of itself is a violation of the procedural rules governing pleadings.[2]  <u>See</u> Fed. R. Civ. P. 8(a)(2), 10(b).  Then, in the body of Count I, Hooper makes no attempt to identify which facts are relevant to which constitutional claims. Namely, although there are nine paragraphs in Count I, the majority of those facts do not pertain to the remaining Fourteenth Amendment due process claim.  Indeed, the court had to draw inference upon inference in Hooper's favor in order to ascertain how the facts potentially could support a theory of liability under the Fourteenth Amendment's Due Process Clause, and the factual and legal bases still remain, in some respects, unclear and questionable.

---

[1] In light of <u>Buxton</u>, the court notes that Defendants may want to reassess their argument that the public nature of a former government employee's personnel file forecloses any relief in this case.  <u>See</u>, <u>e.g.</u>, <u>Buxton</u>, 871 F.2d at 1044-45.

[2] In this regard, the court notes that, while the holding in <u>Fikes</u> does not aid Hooper's cause, Hooper would be well guided by adhering to other principles espoused in <u>Fikes</u> pertaining to proper pleading.  <u>See</u>, <u>e.g.</u>, <u>Fikes</u>, 79 F.3d at 1082 ("By combining several claims for relief in each count, appellant disregarded the rules governing the presentation of claims to a district court.") (citing Fed. R. Civ. P. 8(a)(2), 10(b)).

Regarding Wilson, for instance, it is unclear whether facts exist which would support elements (3) and (6) of the Buxton test. Concerning element (3), in 1999, Hooper was not terminated, but merely suspended. A suspension does not satisfy the "discharge or more" requirement, which was discussed by the Eleventh Circuit in Cannon. See 250 F.3d at 1303. The court recognizes that Hooper alleges further that, in 2001, he was "forced" to resign due to a "hostile working environment." (Compl. ¶ 20.) These factual averments, however, are conclusory and lack the detail required for the qualified immunity analysis. Moreover, as to element (6), the complaint is devoid of any facts from which the court can ascertain whether Hooper was denied a "meaningful opportunity" to clear his name. Buxton, 871 F.2d at 1041.

Furthermore, as to Lamb, it is unclear upon what factual basis Hooper seeks to hold Lamb liable for a Fourteenth Amendment due process violation or whether Hooper even is pursuing such a claim against Lamb. While Hooper names both Wilson and Lamb in Count I, Hooper has not described how Lamb was involved in the dissemination in July 2004 of Hooper's personnel file to the news media or how he was involved in any conduct which would survive a statute of limitations defense.

Given the foregoing examples of pleading deficiencies, however, one thing is clear.[3] The complaint fails to satisfy the heightened pleading requirements in § 1983 actions where, as here, qualified immunity has been raised as a defense to an individual-

---

[3] The court emphasizes that these examples are not exhaustive, but merely representative of the pleading deficiencies.

capacity claim.[4]  See Magluta, 256 F.3d at 1284; GJR Investments, Inc., 132 F.3d at 1367.  If a defendant needs more information to answer a complaint, the proper response is for that defendant to move for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure, rather than to move for dismissal.  See Anderson v. Dist. Bd. of Trustees Cent. Fla. Comm., 77 F.3d 364, 366 (11th Cir. 1996) (a defendant faced with an incomprehensible complaint "is not expected to frame a responsive pleading," but "is expected to move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement").  Although Wilson and Lamb did not expressly request the remedy available to them under Rule 12(e), the court has the "inherent authority" to act on its own and *sua sponte* direct a plaintiff to replead a complaint to provide a more definite statement of the claims.  See Fikes, 79 F.3d at 1083 n.6.  In this case, the court finds that the proper remedy is to "call[] [Hooper's] counsel to task" and direct counsel to remedy the deficient factual allegations in his § 1983 count, rather than to dismiss Count I for failure to plead the facts with specificity.  Id. at 1084; see also Magluta, 256 F.3d at 1284-85 (reversing district court's judgment dismissing complaint and remanding to permit plaintiff to replead claims in shotgun complaint); LaFleur v. Wallace State Cmty. College, 955 F. Supp. 1406, 1420 (M.D. Ala. 1996) ("Generally, to

---

[4] The doctrine of qualified immunity generally shields government officials performing discretionary functions from civil liability when their conduct does not violate clearly established constitutional rights which a reasonable person would have known. See Hope v. Pelzer, 536 U.S. 730, 739-41 (2002); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

remedy deficient pleadings in § 1983 actions, courts grant a plaintiff leave to amend the complaint . . . rather than dismiss the cause of action.").

Accordingly, based on the foregoing, the court will grant Hooper leave to amend his complaint to allege more specific facts in Count I. Hooper is forewarned, however, that, if only conclusory allegations are provided and if the facts do not support a claim that Hooper has been deprived of a liberty interest without due process of law, in violation of the Fourteenth Amendment, the court will entertain and grant a motion to dismiss, if filed.

*2. The City of Montgomery and Official-Capacity Claims against Wilson and Lamb*

When a city officer is sued under § 1983 in his or her official capacity, the suit is simply "another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985). "Such suits against municipal officers are therefore, in actuality, suits directly against the city that the officer represents." Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991). Consequently, the § 1983 official-capacity claims against Wilson and Lamb, in effect, merge into the § 1983 claim against the City of Montgomery and no longer exist. The § 1983 official-capacity claims against Wilson and Lamb in Count I, therefore, are due to be dismissed.

The court now turns to whether the complaint states a claim for § 1983 municipal liability against the City of Montgomery. Initially, the court observes that heightened pleading does not apply to claims alleging municipal liability under § 1983. See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993); Swann v. Southern Health Partners, Inc., 388 F.3d 834, 837 (11th Cir. 2004). The court, thus, evaluates the sufficiency of the complaint as pertains to Hooper's allegations against the City of Montgomery under Rule 8(a)'s "liberal system of 'notice pleading.'" Leatherman, 507 U.S. at 168 (citing Fed. R. Civ. P. 8(a)(2)).

As Defendants correctly state, the City of Montgomery, as a municipality, cannot be held liable for constitutional torts under § 1983 based upon a theory of *respondeat superior*. Liability can attach to a municipality only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell v. Dept. of Social Serv., 436 U.S. 658, 694 (1978); see also Mandel v. Doe, 888 F.2d 783, 791 (11th Cir. 1989). Municipal liability under § 1983 contains two requirements, first, that the municipality has in place a policy or custom and, second, that the policy or custom caused the constitutional deprivation.

Here, in the section of the complaint titled "Parties," Hooper avers that the City of Montgomery is "subject to the claims made herein and the jurisdiction of this court as defined by 42 USC 1983[.]" (Compl. ¶ 6.) Neither in Count I nor elsewhere in the Complaint, however, is there an allegation that the City acted through its policies,

formally or informally adopted, to deprive Hooper of a liberty interest protected by the Fourteenth Amendment Due Process Clause.  As a result, the § 1983 claim against the City of Montgomery is premised upon a theory of *respondeat superior*.  Count I of Hooper's complaint, therefore, fails to state a claim for relief against the City of Montgomery and is due to be dismissed.

### B.  Count II:  Negligence

Count II alleges a negligence claim under state law against Wilson.  As defenses, Wilson raises the statute of limitations and discretionary function immunity.

#### *1. Statute of Limitations*

In Alabama, the statute of limitations on a negligence claim is two years.  See Ala. Code § 6-2-38(l).  The only specific averment in Count II states that "Wilson negligently conducted an investigation and proceedings over" Hooper.  (Compl. ¶ 28.)  Because Wilson's conduct in the latter regard occurred in or around 1999, the court agrees with Defendants that Hooper's negligence claim predicated on these averments is barred by the statute of limitations.  Alternatively, the court finds that Hooper has abandoned any reliance on the foregoing averments as the basis of his negligence claim given the absence of any rebuttal by Hooper to Defendants' statute of limitations argument.  (See Doc. No. 7.)

In Count II, however, Hooper also incorporates by reference all "aforementioned conduct" by Wilson, which necessarily includes Hooper's allegations pertaining to Wilson's alleged disclosure of his personnel file to the news media. (Compl. ¶ 26.) Wilson's alleged public dissemination of Hooper's personnel file occurred on or about July 15, 2004, and, therefore, occurred within two years of the filing of the complaint on July 12, 2006. Accordingly, because the statute of limitations does not pose a bar, the court finds that Defendants' motion to dismiss Hooper's negligence claim predicated on these allegations is due to be denied.

### 2. *Immunity*

The court *sua sponte* dismisses the negligence claim against Wilson in his official capacity for money damages based upon state-agent immunity. See Key v. City of Cullman, 826 So.2d 151, 156 (Ala. Civ. App. 2001) (city police officers are entitled to state-agent immunity when sued in their official capacities for monetary damages). As a defense to the individual-capacity claim against Wilson in Count II, Wilson contends that he is entitled to discretionary function immunity pursuant to § 6-5-338 of the Code of Alabama. To be entitled to this form of immunity, Wilson must show that he was engaged in a discretionary function when the alleged wrong occurred. See Couch v. City of Sheffield, 708 So.2d 144, 153 (Ala. 1998).

Based upon the allegations in the complaint, the court is unable to ascertain how disclosing a former employee's personnel file to the news media amounts to "conduct in

performance of any discretionary function within the line and scope of [Wilson's] law enforcement duties," Ala. Code § 6-5-338, or falls within any of the categories enumerated in <u>Ex parte</u> <u>Cranman</u>, 792 So.2d 392, 405 (Ala. 2000), as modified by <u>Hollis v. City of Brighton</u>, ___ So.2d ___, 2006 WL 2089919, *8 (Ala. 2006).  Notably, Wilson has not provided any analysis or authority in support of his assertion of discretionary function immunity.  (<u>See</u> Doc. No. 4 at 3.)  Accordingly, the court finds that Wilson is not entitled to discretionary function immunity on the facts pleaded in the complaint and that, in this regard, Defendants' motion to dismiss is due to be denied.

## V. ORDER

Based on the foregoing, it is CONSIDERED and ORDERED that Defendants' motion to dismiss be and the same is hereby GRANTED as follows:

(1)  Counts III, IV and V be and the same are hereby DISMISSED as abandoned;

(2)  Hooper's 42 U.S.C. § 1983 official-capacity claims in Count I against Wilson and Lamb be and the same are hereby DISMISSED;

(3)  Hooper's 42 U.S.C. § 1983 claims in Count I against the City of Montgomery be and the same are hereby DISMISSED and the City of Montgomery is hereby DISMISSED as a defendant in this lawsuit;

(4)  Hooper's state-law negligence claim for money damages in Count II against Wilson in his official capacity be and the same is hereby DISMISSED based upon state-agent immunity; and

(5) Hooper's negligence claim in Count II which is not based upon Wilson's alleged disclosure of Hooper's personnel file to the news media be and the same is hereby DISMISSED as time barred and as abandoned.

It is further CONSIDERED and ORDERED that Defendants' motion to dismiss be and the same is hereby otherwise DENIED.

It is further CONSIDERED and ORDERED that Hooper is hereby PERMITTED until March 29, 2007, to file an amended complaint which complies with the pleading requirements applicable to 42 U.S.C. § 1983 claims.  Any amended complaint shall be filed consistent with the directives herein and shall comply with this District's local rules for the filing of amendments.  See M.D. ALA. L.R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference.").

DONE this 16th day of March, 2007.

    /s/ Ira Dement
SENIOR UNITED STATES DISTRICT JUDGE