## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| Rhett S. Hooper | * | |
| | * | |
| **Plaintiff** | * | |
| | * | |
| v. | * | Civil Case No.06- 612 |
| | * | |
| City of Montgomery, Alabama | * | JURY TRIAL DEMANDED |
| | * | |
| Defendant. | * | |

### AMENDED COMPLANIT

### JURISDICTION AND VENUE

1.    Plaintiff files this Complaint and invokes the jurisdiction of this Court under and by virtue of the Fourth and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. § 1983, 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28 U.S.C. § 2201, 28 U.S.C. § 2202, and the doctrine of supplemental jurisdiction to obtain declaratory relief and compensatory and punitive damages.  Defendant violated Plaintiff's rights as guaranteed by the Constitution of the United States, by Federal law, and by the laws and Constitution of 1901 of the State of Alabama.

2.    The violations of Plaintiff's rights as alleged herein occurred in Montgomery County, Alabama, and were committed within the Northern Division of the Middle District of the State of Alabama.

### PARTIES

3.     Plaintiff Rhett Hooper, hereinafter referred to as "Hooper", is and at all times material hereto a citizen of the United States and the State of Alabama.

4.     Defendant, City of Montgomery, is an incorporated municipality existing in Montgomery County, Alabama and subject to the claims made herein and the jurisdiction of this court as defined by 42 USC § 1983, herein after referred to as "Defendant" or "City".

## NATURE OF PROCEEDINGS

5.     This is a proceeding for a judgment declaring the relative rights, responsibilities and liabilities of the parties, each to the other, and for compensatory and punitive damages for Plaintiff's suffering as a consequence of the wrongs alleged herein.

## FACTS

6.     Plaintiff expressly adopts as if fully set forth herein the allegations in the foregoing paragraphs.

7.     On or about July 13, 2004, Chief Wilson of the City of Montgomery, Alabama Police Department was driving recklessly while under the influence of alcohol and or drugs.

8.     Chief Wilson did run Plaintiff off the road on I-85 Northbound about 10:00 PM on July 13, 2004.

9.     Plaintiff Hooper did call police for help in stopping the driver, who was unknown to Plaintiff at the time, of the reckless driving of the vehicle that did run him off the road.

10.    **Chief Wilson was stopped by Shorter, Alabama Police Department and the officer on the scene did observe Wilson to be under the influence of alcohol, weaving and driving recklessly on a public road, in a private vehicle, and further made statements about Wilson being an alcoholic and was "going to kill himself if he did not quit driving while drunk".**

11.    **On or about July 15, 2004, without cause or justification of any sort, Chief Wilson, acting as officer, agent, or employee of Montgomery Police Department, did release the record of Plaintiff Hooper, who is a former policeman of Montgomery Police Department, to unauthorized parties, without consent or permission of Plaintiff.**

12.    **Wilson did release the record of Hooper to the news media, specifically to WSFA TV in Montgomery, Alabama, and the same was broadcast to the public at large from said television broadcasting company for numerous days and placed the story on the WSFA internet site.**

## CAUSES OF ACTION

13.    **As to each of the counts herein below set forth, Plaintiff expressly adopts as if fully set forth herein the allegations of the foregoing paragraphs.**

## COUNT I – DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW of PLAINTIFF'S FIFTH, NINTH, AND FOURTEENTH AMENDMENT RIGHTS

14.    **At all times material hereto Chief Wilson was acting as a law enforcement officer pursuant to State statute and the ordinances, customs, and policies of the Montgomery Police Department.**

15.   The record of Plaintiff Hooper does contain false information which was fabricated by Wilson and others to the detriment of Hooper while a policeman during 1999.

16.   While Hooper was a policeman with Montgomery, Alabama during 1999, Wilson conducted an investigation of Hooper from a complaint falsely made by "Lamb", a policeman, and Wilson proceeded over the hearing of the false event leading to the recommendation to the Mayor to discharge Hooper from employment as a policeman. Wilson and Lamb knew the event was false and intended to have Hooper fired after the proceeding. Wilson violated police rules and procedures while conducting the hearing over Plaintiff Hooper. Lamb made the false claim after eight months from the date of the alleged date of the false event when the required time to report such an event as this two weeks. Wilson allowed the event to be brought outside the required time and proceeded with the hearing. Hooper was found guilty and recommended to the Mayor to discharge Hooper.

17.   Upon appeal to the Mayor's Office of the recommendation of Wilson to discharge Hooper from employment, Hooper was assessed a suspension of 45 days by the Mayor's Office and did return to work for approximately two years before leaving the force after being continuously subjected to a hostile working environment.

18.   Hooper is not eligible for rehire for employment with the City of Montgomery, Alabama Police Department for the false record fabricated by

**Defendant Wilson and Lamb while acting as agents and employees of the City of Montgomery, Alabama.**

19. **Subsequent to Plaintiff's employment with the City of Montgomery, Alabama, Plaintiff Hooper has been denied employment with The State of Alabama Department of Conservation as a game warden and other employment opportunities due to the City of Montgomery's reporting of Plaintiff Hooper's status of Hooper not being eligible for rehire and the false record of Hooper fabricated by the City of Montgomery, Alabama through Chief Wilson and others.**

20. **After the events of July 13, 2004, The City of Montgomery, Alabama through Chief Wilson did acquire the record of Hooper that contained the false and fraudulent record of Hooper and the City of Montgomery, Alabama through Chief Wilson did tender, release, and did intend to injure Hooper portraying Plaintiff in a false light accusing Hooper of being a disgruntled ex-employee intending to cause harm to Hooper and to excuse Wilson of the allegation of Drunk Driving and reckless endangerment of Hooper by Wilson while a Chief of Police for the City of Montgomery, Alabama.**

21. **Chief Wilson while acting in his capacity of the City of Montgomery, Alabama Police Chief has committed a violation of Police Department rules of conduct by conducting a hearing over Hooper in bad faith; by making untrue public statements about Hooper; by proceeding over a hearing knowingly containing false accusations; by proceeding over a hearing past the time allowed for the claims to be brought against Hooper; by disclosing**

**confidential personnel records of Plaintiff Hooper to unauthorized persons;**

**by willfully disregarding City policies with malice and with the intent to**

**cause harm to Plaintiff Hooper without due process in violation of Plaintiff's**

**fifth, ninth, and fourteenth amendment rights.**

WHEREFORE, Plaintiff demands compensatory damages in the amount of One

Million Dollars ($1,000.000.00) plus punitive damages as a jury deems reasonable,

plus costs.

Respectfully submitted this the 29th day of March 2007.


/s/J. Scott Hooper
**J. Scott Hooper**


**of counsel:**
**The Hooper Law Firm, PC**
**P.O. Box 230894**
**Montgomery, AL 36123-0894**
**334-271-1555 Office**
**334-271-1552 Facsimile**
**jshooper@knology.net**


**PLAINITFF DEMANDS TRIAL BY JURY**

**/s/ J. Scott Hooper**

**CERTIFICATE OF SERVICE**

I  hereby certify that on the 29th day of March 2007, I electronically filed the

foregoing with the Clerk of this Court using the CM/CEF system which will

send notification of such to the following parties or counsel:

**Kimberly O. Fehl**
**Legal Department**
**City of Montgomery P.O. Box 1111**
**Montgomery, AL 36101-1111**

**/s/J. Scott Hooper**