IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **RHETT S. HOOPER,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | ) CASE NO.  2:06-cv-612-ID |
| | ) |
| | ) |
| **CITY OF MONTGOMERY,** | ) |
| | ) |
|     **Defendant.** | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
FOR LEAVE TO AMEND COMPLAINT AND
MOTION TO DISMISS AMENDED COMPLAINT**

Defendant City of Montgomery in response to Plaintiff's Motion for Leave to Amend Complaint and this Court's Order of April 2, 2007, to show cause why Plaintiff's Motion to Amend should not be granted, states unto the Court the following:

*I.  RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT*

On March 16, 2007, the Court entered an Order dismissing Defendants M. S. Lamb and City of Montgomery and Counts II, IV and V of the Complaint.  The Court permitted Plaintiff to file an Amended Complaint by March 29, 2007 to comply with the pleading requirements and remedy the deficient pleading of the § 1983 claim in Count I alleging a deprivation of a liberty interest without due process in violation of the Fourteenth Amendment**.**   In that consideration, Defendant has no objection to Plaintiff's Motion to Amend Complaint.

Plaintiff's Motion for Leave to Amend Complaint substitutes in its entirety the Amended Complaint for the original Complaint.  However, the Amended Complaint

1

names the City of Montgomery, a previously dismissed party, as the only Defendant. The Amended Complaint abandons the claims against John Wilson in his individual capacity. Based on the following, Defendant submits that Plaintiff's Amended Complaint is due to be dismissed with prejudice in its entirety.

## II.   MOTION TO DISMISS AMENDED COMPLAINT

Defendant respectfully moves this Honorable Court to dismiss with prejudice Plaintiff's Amended Complaint in the above-styled cause pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*. Plaintiff has filed an Amended Complaint with one count naming only the City of Montgomery as a Defendant and alleging a deprivation of civil rights under color of state law of Plaintiff's Fifth, Ninth and Fourteenth Amendment rights. Plaintiff has failed to state a claim upon which relief may be granted.

### A.   42 U.S.C.A. §1983 MUNICIPAL LIABILITY

The City of Montgomery is the only named Defendant in the Amended Complaint. Plaintiff infers liability on the City based on allegations against John Wilson acting in his former capacity as Police Chief for the City of Montgomery. Plaintiff has abandoned his state law claim of negligence against John Wilson.

Plaintiff's Amended Complaint against the City pursuant to 42 U.S.C.A. § 1983 is due to be dismissed. For civil rights liability pursuant to 42 U.S.C. § 1983 to attach to a municipality, it must be shown that a municipal official or employee caused the deprivation of one's constitutional rights by acting pursuant to official governmental policy.

Plaintiff has not alleged any custom or policy of the City that caused a violation of his civil rights. Plaintiff has not submitted that any final policymaker of the City acted with an unconstitutional motive. Merely using the words "policy" or "custom" or

"unconstitutional" in the allegation is not sufficient to state a claim under 42 U.S.C. § 1983. *See Monnell v. Dept. of Social Services*, 436 U.S. 658 (1978).

A municipality is liable only for its own wrongs and cannot be liable under the theory of respondeat superior. *Monell v. Department of Social Services of New York City*, 436 U.S. 658, 694 (1978).

### B.    COURT ORDER OF MARCH 16, 2007

As previously stated, on March 16, 2007, this Court entered an Order dismissing Defendants M.S. Lamb and City of Montgomery and Counts II, IV and V of the Complaint. The remaining claims of the Complaint were against John Wilson in his individual capacity pursuant to 42 U.S.C. § 1983 and state law negligence for claims that were barred by the two year statute of limitations. The Court permitted Plaintiff to file an Amended Complaint by March 29, 2007 to remedy the deficient pleading of the § 1983 claim in Count I alleging deprivation of a liberty interest without due process of law in violation of the Fourteenth Amendment.

### *BUXTON V. CITY OF PLANT CITY, FLORIDA*, 871 F.2D 1037 (11 CIR. 1989)

To review the remaining claim in Count I, the Court referred to the analysis provided in *Buxton v. City of Plant City, Florida,* 871 F. 2d. 1037 (11th Cir. 1989). In reviewing *Buxton,* Hooper's Amended Complaint fails to state a claim for deprivation of a liberty interest without due process of law in violation of the Fourteenth Amendment. The Amended Complaint is, therefore, due to be dismissed.

In *Buxton v. City of Plant City, Florida,* 871 F. 2d. 1037 (11th Cir. 1989), the Court analyzed a terminated government employee's liberty interest in remaining free from dissemination of stigmatizing information in a public record by a former employee

without a due process hearing. The Eleventh Circuit held that to establish a deprivation of a liberty interest without due process of law under the Fourteenth Amendment, a plaintiff must show: (1) a false statement (2) of a stigmatizing nature (3) attending a governmental employee's discharge (4) made public (5) by the governmental employer (6) without a meaningful opportunity for employee name clearing.

Based on the following, the Amended Complaint is due to be dismissed. Hooper states the following in paragraphs 15-18 of the Amended Complaint:

> "15.   The record of Plaintiff Hooper does contain false information which was fabricated by Wilson and others to the detriment of Hooper while a policeman during 1999.
>
> 16.   While Hooper was a policeman with Montgomery, Alabama during 1999, Wilson conducted an investigation of Hooper from a complaint falsely made by "Lamb", a policeman, and Wilson proceeded over the hearing of the false event leading to the recommendation to the Mayor to discharge Hooper from employment as a policeman. Wilson and Lamb knew the event was false and intended to have Hooper fired after the proceeding. Wilson violated police rules and procedures while conducting the hearing over Plaintiff Hooper.  Lamb made the false claim after eight months from the date of the alleged date of the false event when the required time to report such an event as this two weeks. Wilson allowed the event to be brought outside the required time and *proceeded with the hearing*. Hooper was found guilty and recommended to the Mayor to discharge Hooper.
>
> 17.   *Upon appeal to the Mayor's Office of the recommendation of Wilson to discharge Hooper from employment, Hooper was assessed a suspension of 45 days by the Mayor's Office and did return to work for approximately two years before leaving the force after being continuously subjected to a hostile working environment.*
>
> 18.   Hooper is not eligible for rehire for employment with the City of Montgomery, Alabama Police Department for the false record fabricated by Defendant Wilson and Lamb while acting as agents and employees of the City of Montgomery, Alabama."

(Emphasis added).

Recognizing the rights of citizens to review public information, the Court in

4

*Buxton* held, "Because the information in the file may be reviewed years after it is filed, its publication, for due process purposes, must be held to occur at the time of filing. Protection of the due process name clearing right cannot be effectively afforded any other way."  *Id.* at 1045.  Hooper was afforded due process at the time the charges were brought against him in 1999.

Unlike the terminated plaintiff in *Buxton*, Hooper was aware that a grievance procedure existed and he exercised his right to due process. Hooper submits that he had a hearing with Wilson and was recommended for termination. Hooper then appealed Wilson's decision to the Mayor. The recommendation for Hooper's dismissal was not upheld and he received a 45 day suspension instead.

Hooper was provided an opportunity to challenge the validity of the charges brought against him through his due process rights in 1999. Hooper went no further than the Mayor's office with his appeal and returned to work for approximately two more years before resigning.

Hooper has failed to state a claim in his Amended Complaint for deprivation of a liberty interest without due process in violation of the Fourteenth Amendment. The Amended Complaint is due to be dismissed in its entirety with prejudice.

### C.   STATUTE OF LIMITATIONS

Count I of the Amended Complaint relies on allegations, investigations, hearings and disciplinary actions that occurred in 1999. Other than the claim for deprivation of liberty interest without due process addressed in subsection A above, any claims regarding the conduct or action against John Wilson or the City for actions that occurred in 1999 are due to be dismissed based on the applicable statute of limitations. *See Wilson*

*v. Garcia,* 471 U.S. 261, 276, 105 S.Ct. 1938, 1947, 85 L.Ed.2d 254 (1985).

### D. QUALIFIED IMMUNITY

Additionally, the Amended Complaint submits conclusory allegations that "Chief Wilson and others" have caused Hooper to be denied employment opportunities for reporting that he is not eligible for rehire with the City of Montgomery. It is not clear who the "others" are but responding to an employment reference was clearly within line and scope of the duties of a Police Chief. Therefore John Wilson is entitled in that regard to qualified immunity.

In dealing with the issue of qualified immunity of a police officer, the U.S. Supreme Court has said the following:

> In a suit against an officer for an alleged violation of a constitutional right, the requisites of a qualified immunity defense must be considered in proper sequence. Where the defendant seeks qualified immunity, a ruling on that issue should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive.

*Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151 (2001).

### III. CONCLUSION

On March 16, 2007, the Court entered an Order dismissing Defendants M. S. Lamb and City of Montgomery and Counts II, IV and V of the Complaint. The Court permitted Plaintiff to file an Amended Complaint by March 29, 2007 to comply with the pleading requirements and remedy the deficient pleading of the § 1983 claim in Count I against John Wilson. The Amended Complaint names the City of Montgomery, a previously dismissed party, as the only Defendant. The Amended Complaint abandons the claims against John Wilson in his individual capacity. Plaintiff's Amended

6

Complaint fails to state a claim against the City of Montgomery for which relief can be granted. Based on the foregoing, Plaintiff's Amended Complaint is due to be dismissed with prejudice in its entirety.

Respectfully submitted this the 9th day of April, 2007.

/s/ Kimberly O. Fehl
Kimberly O Fehl (FEH001)
Attorney for Defendants

**OF COUNSEL:**
Legal Department
City of Montgomery
Post Office Box 1111
Montgomery, Alabama  36101-1111
(334) 241-2050
(334) 241-2310 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that I have mailed a copy of the above and foregoing to the attorney listed below using the CM/ECF system on this 9th day of April, 2007:

J. Scott Hooper, Esq.
*The Hooper Law Firm*
Post Office Box 230894
Montgomery, Alabama 36123-0894

/s/ Kimberly O. Fehl
Of Counsel