IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RHETT S. HOOPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIV. ACT. NO. 2:06cv612-ID |
| v. | )          (WO) |
| | ) |
| CITY OF MONTGOMERY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This 42 U.S.C. § 1983 civil rights lawsuit is before the court once again on the issue of whether Plaintiff Rhett Hooper ("Hooper") has stated a claim for relief. In a prior memorandum opinion and order entered in this case, the court scrutinized Hooper's original complaint upon the Rule 12(b)(6) motion filed by Hooper's adversaries. See Hooper v. City of Montgomery ("Hooper I"), 482 F. Supp.2d 1330 (M.D. Ala. 2007). In Hooper I, the court dismissed some claims and required Hooper to replead others. In response to the court's rulings in Hooper I, Hooper filed a motion for leave to amend the complaint. (Doc. No. 10.) The proposed amended complaint contains a single count and a single defendant. (Id.) That defendant is the City of Montgomery ("City"). The City filed a response in opposition and simultaneously moved to dismiss Hooper's amended complaint. (Doc. No. 15.) The court ordered Hooper to file a response addressing the City's arguments (Doc. No. 16), but Hooper did not respond. For the reasons to follow, the court finds that Hooper's motion for leave to amend complaint (Doc. No. 10) is due to be denied on the ground of

futility, that the City's motion to dismiss is due to be denied as moot, and that this lawsuit is due to be dismissed with prejudice.

## I. STANDARD OF REVIEW

In Hooper I, the court set out the standard of review applicable to Rule 12(b)(6) motions to dismiss. See 482 F. Supp.2d at 1332. That standard, in effect, governs the court's review of Hooper's motion for leave to amend the complaint because "a proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss." Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000); Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999) (court's denial of leave to amend is warranted on the ground of futility when "complaint as amended is still subject to dismissal"); Florida Power & Light Co. v. Allis Chalmers Corp., 85 F.3d 1514, 1520 (11th Cir. 1996) (amendment is futile if proposed claim could not withstand motion to dismiss).

## II. BACKGROUND

### A. The Proposed Amended Complaint

The proposed amended complaint sets forth the following facts and claims.[1] Until 2001, Hooper worked as a police officer for the City of Montgomery under the leadership of

---

[1] The facts in the original complaint are set out in more detail in Hooper I and do not differ in substance from those in the proposed amended complaint. For present purposes, the court assumes that all the factual allegations set forth in the complaint are true. See United States v. Gaubert, 499 U.S. 315, 327 (1991).

John Wilson ("Wilson"), the former chief of police for the City of Montgomery, Alabama. Wilson, during his tenure as chief of police, was involved in a scheme to terminate Hooper. As part of this scheme, Wilson fabricated charges of misconduct against Hooper, placed the information about these fabricated charges in Hooper's personnel file, and held a termination hearing. In connection with the hearing, Wilson recommended to the mayor that Hooper be terminated. On appeal by Hooper, the mayor rejected the recommendation and instead suspended Hooper for forty-five days. Hooper continued to work for Wilson for two years, but says, that, in 2001, he could no longer tolerate working under Wilson's command and resigned. (Am. Compl. ¶¶ 16-17.)

As a result of the alleged false information in his personnel file, Hooper has been unable to obtain employment in his chosen field of law enforcement. Wilson caused Hooper further injury when, in 2004, he (Wilson) disclosed Hooper's personnel file to the news media. The disclosure to the news media occurred approximately two days after Hooper called the police to report that a driver, whom Hooper later learned was Wilson, had attempted to run Hooper's vehicle off the interstate. (Id. ¶¶ 11-12, 15, 18-20.)

In his proposed one-count amended complaint, Hooper brings § 1983 "due process" claims, alleging violations of the "Fifth, Ninth and Fourteenth Amendments." (Id. ¶ 21.) Hooper contends that the City is liable because "at all times material" to his claims, Wilson was acting pursuant to the City's "ordinances, customs, and policies." (Id. ¶ 14.)

3

B.  The Prior Proceedings

In the original five-count complaint, Hooper sued M. S. Lamb (a City of Montgomery police officer), Wilson and the City under § 1983, alleging violations of the Fifth, Ninth and Fourteenth Amendments, and various state laws.  In Hooper I, in which the court granted in part and denied in part the defendants' motion to dismiss, the court dismissed Lamb and the City as defendants and dismissed the state-law claims in the Counts II, IV and V of the complaint, as well as Hooper's § 1983 claims seeking redress for violations of the Fifth and Ninth Amendments.

The court, however, denied the motion as to Hooper's state-law negligence claims in Count III against Wilson.  In the remaining count (Count I), which alleged in conclusory fashion a violation of Hooper's "due process" rights, the court found that some of the alleged unconstitutional conduct relied upon by Hooper fell outside the applicable statute of limitations.  Liberally construing the allegations, however, the court found that in Count I Hooper had alleged a § 1983 individual-capacity claim against Wilson predicated upon a violation of Hooper's protected Fourteenth Amendment liberty interest, but the court found that this claim did not comply with the heightened pleading requirements applicable when qualified immunity is at issue. Rather than dismiss Count I, the court permitted Hooper to file an amended complaint in order to plead his Fourteenth Amendment claim with the requisite factual detail.  The court, however, "forewarned" Hooper "that if only conclusory allegations [were] provided, the court [would] entertain and grant a motion to dismiss, if filed."  Hooper I, 482 F. Supp.2d at 1338.

In his proposed amended complaint, which contains one § 1983 count, rather than repleading and proceeding against Wilson in his individual capacity under § 1983 and state law, Hooper brings the City back into this lawsuit and reasserts the previously-dismissed § 1983 claim against it. The proposed amended complaint omits the claims against Wilson in his individual capacity under § 1983 and state law, and the court finds that these claims are abandoned. Cf. Davis v. TXO Prod. Corp., 929 F.2d 1515, 1517 (10th Cir. 1991) (observing that "an amended complaint ordinarily supersedes the original and renders it of no legal effect") (quotation omitted).

### III. DISCUSSION

Urging the court to disallow Hooper to amend Count I, the City contends that Hooper has alleged neither a constitutional deprivation nor a custom or policy of the City which caused a violation of Hooper's constitutional rights. (Doc. No. 15 at 2-3.) For the reasons to follow, the court agrees with the City.

A municipality cannot be held liable for constitutional torts under § 1983 based upon a theory of *respondeat superior*. Liability can attach to a municipality only "'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'" Hooper, 482 F. Supp.2d at 1339 (quoting Monell v. Dept. of Social Serv., 436 U.S. 658 (1978)). "An inquiry into a governmental entity's custom or policy," however, "is relevant only when a constitutional deprivation has occurred." Rooney v. Watson, 101 F.3d 1378,

5

1380 (11th Cir. 1996). Hence, where there is no underlying constitutional violation by a municipal actor, liability under § 1983 cannot attach to the municipality.

### A. Underlying Constitutional Violation

*1. Fifth and Ninth Amendments*

In Hooper I, the court dismissed the § 1983 Fifth Amendment and Ninth Amendment claims against all defendants, which included the City. For the same reasons espoused in Hooper I, it would be futile to allow an amendment of the complaint to revive these two constitutional claims against the City. See 482 F. Supp.2d at 1334-35. Under the facts alleged, there is no plausible violation of either constitutional amendment. Because Hooper has failed to plead an underlying constitutional violation of either the Fifth Amendment or the Ninth Amendment, he fails to state a claim against the City for § 1983 municipal liability. See Rooney, 101 F.3d at 1380.

*2. Fourteenth Amendment Due Process (Deprivation of a Liberty Interest)*

Turning to the Fourteenth Amendment claim, in Hooper I, the court characterized Hooper's generic § 1983 Fourteenth Amendment "due process" claim as alleging a deprivation of a liberty interest. See Hooper I, 482 F. Supp.2d at 1335-36 (discussing the possible factual and legal parameters of Hooper's § 1983 claim). In his motion for leave to amend the complaint, Hooper has not refuted the court's favorable characterization.

6

In Hooper I, the court applied the six-part test enunciated in Buxton v. City of Plant, Florida, 871 F.2d 1037 (11th Cir. 1989), to examine the sufficiency of Hooper's claim. As set out in Hooper I, from which the court quotes,

> Buxton analyzed a terminated government employee's liberty interest in remaining free from dissemination of stigmatizing information in a public record by the former employer and the circumstances in which that employee is entitled to a due process name clearing hearing. In this circuit, as pronounced in Buxton, to establish a deprivation of a liberty interest without due process of law under the Fourteenth Amendment, a plaintiff must show: "(1) a false statement (2) of a stigmatizing nature (3) attending a governmental employee's discharge (4) made public (5) by the governmental employer (6) without a meaningful opportunity for [an] employee name clearing hearing."

482 F. Supp.2d at 1336-37 (quoting Buxton, 871 F.2d at 1042-43).

For present purposes, the City takes issue only with the sixth Buxton element.[2] For the reasons to follow, the court agrees with the City that Count I fails to state a claim

---

[2] The court notes that it has doubts as to whether Hooper adequately has alleged other of the Buxton elements, but the court confines its discussion to the element which the City challenges. Also, the court notes that, previously, the City raised a statute of limitations defense. See Hooper I, 482 F. Supp.2d at 1335-36. In its present motion, the City has not relied upon the statute of limitations as a defense to the Fourteenth Amendment due process claim alleging a deprivation of a liberty interest. (Doc. No. 15 at 5.) Hence, for purposes of the present discussion, the court assumes without deciding that the statute of limitations does not pose a bar to this claim. The court, though, agrees with the City that it is unclear whether Hooper again seeks to predicate § 1983 liability in Count I of the proposed amended complaint on conduct which the court previously found fell outside the applicable two-year statute of limitations. See Hooper I, 482 F. Supp.2d at 1335-36. The City argues that those claims, to the extent that Hooper has attempted to revive them, necessarily fail again based upon the court's findings in Hooper I that the statute of limitations poses a bar. (Doc. No. 15 at 5.) The court agrees, and it incorporates by reference those findings herein. See Hooper I, 482 F. Supp.2d at 1335-36.

7

because the allegations show that the City provided a means for Hooper to refute the charges of misconduct (i.e., to clear his name) which is all that is required to protect his liberty interest under the Fourteenth Amendment's Due Process Clause.

The City argues that Hooper's liberty interest was implicated, if at all, in 1999, when Wilson placed the information concerning the alleged fabricated charges of misconduct in Hooper's personnel file. (Doc. No. 15 at 5.) The holding in <u>Buxton</u> supports the City's argument, and no contrary argument has been advanced by Hooper. See <u>Buxton</u>, 871 F.2d at 1045 ("Because the information in the [personnel] file may be reviewed years after it is filed, its publication, for due process purposes, must be held to occur at the time of the filing."). The City contends that "Hooper was afforded due process at the time the charges were brought against him in 1999." (Doc. No. 15 at 5.)

The City is correct that where "adequate state remedies were available to provide" a plaintiff "with the opportunity for a name clearing hearing," and the plaintiff had notice of those remedies, "[he or she cannot] state a procedural due process claim." <u>Cotton v. Jackson</u>, 216 F.3d 1328, 1331 (11th Cir. 2000) (internal footnote omitted); <u>Buxton</u>, 871 F.2d at 1046. The <u>Cotton</u> court explained:

> In <u>McKinney v. Pate</u>, 20 F.3d 1550, 1557 (11th Cir. 1994) (en banc), we said that "only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise." It is the state's failure to provide adequate procedures to remedy the otherwise procedurally flawed deprivation of a protected interest that gives rise to a federal procedural due process claim.

216 F.3d at 1331.

8

The City points out that a grievance procedure exists for the City's employees to challenge adverse employment actions and argues that Hooper's awareness of those procedures is apparent from the face of the proposed amended complaint. (Doc. No. 15 at 5.) The City also asserts that the availability of these procedures satisfies any due process right Hooper may have had to a "name-clearing hearing." (Id.) The court agrees.

In Buxton, the Eleventh Circuit recognized that pre-termination hearings, which are provided to tenured employees, usually are constitutionally adequate to satisfy an employee's due process name-clearing right. See 871 F.2d at 1045 & n.14; see also Harrison v. Willie, 132 F.3d 679, 683 n.9 (11th Cir. 1998) (clarifying that the process due to protect a liberty interest "is not as strict as the process required before one can be deprived of a property interest" and, thus, the employee was provided a name-clearing hearing "by the same opportunities provided for notice and hearing for the termination itself").

Here, by his allegations, Hooper has conceded that he was afforded a hearing and an appeal in connection with Wilson's recommendation that he be terminated. To the extent that Hooper claims that this hearing was tainted by impartiality on the part of Wilson (see Am. Compl. ¶ 21), and thus not "meaningful," Buxton, 871 F.2d at 1337, such allegations of bias and unfairness do not render the process constitutionally inadequate to protect a liberty right (as opposed to a property right). Cf. Dressler v. Jenne, 87 F. Supp.2d 1308, 1318 (S.D. Fla. 2000) ("Because the purpose of the hearing was only to give him an opportunity to clear his name, it does not matter if the investigation leading up to the termination of his job was fair or if the members of the hearing panel were not impartial."). Notwithstanding Hooper's

allegations of impartiality, the facts establish that Hooper had an appeal remedy. He obviously had notice of this remedy since he invoked the remedy and appealed to the mayor. It is not necessary that the employee actually prevail in avoiding termination. See Buxton, 871 F.2d at 1046 (name-clearing hearings "serve not to avert the unjustified denial of a specific benefit, but to allow the aggrieved party to 'clear his name'") (quoting Codd v. Velger, 429 U.S. 624, 627 (1977)). It is nonetheless noteworthy that, here, Hooper's appeal was successful, in large measure, as the allegations establish that the mayor rejected Wilson's recommendation to terminate Hooper based upon the charged conduct and instead imposed a lesser sanction of suspension. (Am. Compl. ¶ 17.)

Although the court gave Hooper an opportunity to respond to the City's arguments opposing his motion for leave to amend the complaint (Doc. No. 16), Hooper elected not to do so. Hooper has offered no countervailing authority or argument that on these facts he did not have available a constitutionally-sufficient procedure to refute the alleged fabricated charges lodged against him. As Cotton, *supra*, demonstrates, it is the availability of a sufficient process, not whether a plaintiff elects to use the process, which is dispositive of a due process claim. Here, though, the facts establish that, not only did Hooper have available procedures to clear his name, he actually invoked the procedures. Based on these facts, the court finds that Hooper had a name-clearing hearing which was sufficient to avoid a due process violation. Hence, the court finds that Hooper cannot go forward against the City on a § 1983 claim alleging a violation of a liberty interest protected by the Fourteenth Amendment Due Process Clause.

*2. Policy or Custom*

Alternatively, assuming *arguendo* the existence of an underlying violation of Hooper's Fourteenth Amendment due process liberty interest, the City argues that merely alleging a "policy" or "custom" without any factual support, as Hooper has done, is not sufficient to state a § 1983 municipal liability claim under notice pleading.  (Doc. No. 15 at 2-3.)  The court agrees.

In Hall v. Smith, the Eleventh Circuit held that the plaintiff's § 1983 claim against a municipality failed because the complaint contained "no factual support for [plaintiff's] conclusory statement that the City had a policy or custom of grossly inadequate supervision and training of its employees."  170 Fed. Appx. 105, 107-08 (11th Cir. March 7, 2006).  The court held:  "Vague and conclusory allegations will not support a claim under § 1983" against a municipality.  Id.  Additionally, as the Supreme Court elucidated in a recent opinion, to comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"  Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S.Ct. 1955, 1964-65 (2007) (citation omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level[.]"  Id. (citation omitted).

In Hooper I, the court found:

Neither in Count I nor elsewhere in the Complaint . . . is there an allegation
that the City acted through its policies, formally or informally adopted, to
deprive Hooper of a liberty interest protected by the Fourteenth Amendment

> Due Process Clause. As a result, the § 1983 claim against the City of Montgomery is premised upon a theory of respondeat superior. Count I of Hooper's complaint, therefore, fails to state a claim for relief against the City of Montgomery and is due to be dismissed.

482 F. Supp.2d at 1339.

Now, Count I of the proposed amended complaint seeks to revive the § 1983 claim against the City based upon an assertion that Wilson acted pursuant to "customs" and "policies" of the City. There, however, are no facts whatsoever to support these averments. The proposed amended complaint does not allege that these customs and policies were unconstitutional, and the reader is left to speculate about the nature of the policy or custom and how, if it all, it caused a violation of Hooper's Fourteenth Amendment due process rights. (Am. Compl. ¶ 14.) In fact, paragraph 14 of the proposed amended complaint, which says that Wilson acted "pursuant to" the City's "customs" and "policies," directly conflicts with paragraph 21, which alleges that Wilson "willfully disregard[ed] City policies." (Id. ¶¶ 14, 21.) Not only are the averments of alleged "customs" and "policies" conclusory, but they are confusing. Moreover, the court observes that the phrase "liberty interest" does not appear anywhere in the proposed amended complaint. Only the words "due process" are alleged, (see id. ¶ 21), but, as recognized by the Eleventh Circuit, "[t]erms like 'due process' are inherently vague and such claims may rest on a virtually infinite number of factual scenarios." Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993).

The § 1983 count against the City suffers the same pleading deficiencies which the court pointed out in Hooper I. The court liberally has read the averments in the proposed amended complaint, but "a court's duty to liberally construe a plaintiff's complaint . . . is not the equivalent of a duty to re-write it for [him]." Peterson, 998 F.2d at 912. Even construed liberally, the proposed § 1983 count against the City, like the claim in the original complaint, fails to state a claim. The court, thus, finds that allowing the amendment to the complaint would be futile.

## IV. ORDER

Accordingly, it is CONSIDERED and ORDERED as follows:

(1) Hooper's motion for leave to amend complaint (Doc. No. 10) be and the same is hereby DENIED;

(2) the City's motion to dismiss the amended complaint (Doc. No. 15) be and the same is hereby DENIED as moot; and

(3) there being no remaining viable claims, this lawsuit be and the same is hereby DISMISSED with prejudice.

A judgment in accordance with this memorandum opinion and order shall be entered separately.

Done this 17th day of July, 2007.

/s/ Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE